IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>PIETRO VINCI,<br>7915 Turncrest Drive<br>Potomac, Maryland 20854<br>Montgomery County<br><br>      Defendant. | Case No. 8:19-cv-02441 |

## COMPLAINT

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action pursuant to 31 U.S.C. § 3711 to collect the penalties that were assessed against Pietro Vinci under 31 U.S.C. § 5321(a)(5) for his willful failure to report the interests that he held in one or more foreign bank accounts during the calendar years 2005, 2006, 2007, 2008, and 2009.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355.

2. Venue is proper in this district under 28 U.S.C. § 1391 because Defendant resides in this judicial district.

### PARTIES

3. The Plaintiff is the United States of America.

4. The Defendant is Pietro Vinci ("Vinci"), who resides in Potomac, Maryland.

1

## REQUIREMENT TO REPORT FINANCIAL INTEREST
## IN A FOREIGN FINANCIAL ACCOUNT

5.  Pursuant to 31 U.S.C. § 5314 and 31 C.F.R. § 1010.350, all citizens and residents of the United States who have a financial interest in, or signatory or other authority over, a foreign financial account or accounts exceeding $10,000 at any time during a calendar year are required to file an annual report disclosing the existence of each account.

6.  Additionally, all citizens and residents of the United States who are required to file an income tax return are required to disclose a financial interest in, or signatory or other authority over, a foreign financial account or accounts exceeding $10,000 at any time during a calendar year are required to disclose the existence and location of those accounts on Schedule B, and attach those to their income tax returns.

7.  For the years at issue in this case, the annual report, known as the Report of Foreign Bank and Financial Accounts ("FBAR") for a calendar year was due no later than June 30 of the year following the calendar year.  31 C.F.R. § 1010.306(c).

## DEFENDANT PIETRO VINCI

8.  Vinci was born in Italy and lived in Venezuela from approximately 1955 until 1992, when he moved to the United States.  Vinci made a substantial amount of money in the auto parts business while living in Venezuela.

9.  Vinci began living and residing in the United States around 1992, and resided in the United States during the period between 2005 and 2009, inclusive.

10.  Vinci was not employed while living and residing in the United States, and lived off of the fortune he had made while living in Venezuela, including rental income that he received from properties he still owned in that country.  That income was almost exclusively held in offshore bank and investment accounts for the years at issue.

11. After moving to the United States, Vinci filed no federal income tax returns, or information returns for foreign corporations, or FBARs with the Internal Revenue Service, as required by law, until 2011.

12. In 2011, Vinci applied to the Internal Revenue Service's 2012 Offshore Voluntary Disclosure Program ("OVDP"). As described on the IRS's website, OVDP was "a voluntary disclosure program specifically designed for taxpayers with exposure to potential criminal liability and/or substantial civil penalties due to a willful failure to report foreign financial assets and pay all tax due in respect of those assets. OVDP [was] designed to provide to taxpayers with such exposure (1) protection from criminal liability and (2) terms for resolving their civil tax and penalty obligations."

13. In Vinci's letter seeking admission to OVDP, he disclosed that he possessed foreign financial accounts in Venezuela; in Antigua; and in Switzerland through Citi Private Trust.

14. However, as discussed more fully below, Vinci's formal filings with the IRS while he was in OVDP did not disclose his Swiss holdings, as required by law. In fact, they concealed his interests in foreign financial accounts with balances as high as $5 million.

## VINCI'S FOREIGN ACCOUNTS IN VENEZUELA

15. While living in Venezuela, Vinci opened two bank accounts with Citi Venezuela (collectively "Citi Venezuela Accounts"):

    a. Account Number x5013

    b. Account Number x3011

16. On information and belief, the source of the funds in the Citi Venezuela accounts was Vinci's rental income for properties he owned through the entities in Venezuela.

17. The Citi Venezuela account ending in x6013 was held the name of August Inversiones, S.A., which is a foreign entity wholly owned by Vinci. Both Vinci and is wife Liliane Vinci were (and are) signatories on the account.

18. The x3011 account was held in the name of Inversiones Megara Iblea, S.A., which is also foreign entity wholly owned by Vinci. Both Vinci and his wife were (and are) signatories on the account.

19. On information and belief, although Vinci told the Service while participating in the OVDP that he could not obtain his historic balances for the tax years at issue from Citi Venezuela, the aggregate balances of the Citi Venezuela Accounts were more than $10,000 for each of the tax years at issue,.

## VINCI'S FOREIGN ACCOUNTS IN SWITZERLAND

20. Vinci informed the Service that he – with the assistance of counsel in the United States – created a complex foreign structure in Switzerland consisting of a foreign corporation and a trust in order to conceal his assets from the Venezuelan government.

21. Vinci incorporated a foreign entity, Mosquetero, SP, in Scotland, and created a grantor trust ("Trust"), the Trustee of which was Citi Private Trust, located in Zurich, Switzerland.

22. According to Vinci's filings with the IRS, Mosquetero's stock was wholly owned by Vinci through the Trust. Citi Private Trust, as trustee for the Trust, maintained the books and records of Mosquetero in Switzerland.

23. Vinci placed investment accounts in Mosquetero's name with Citi Private Bank in Switzerland. Those accounts included, at various times over the 2005 through 2009 period, the following accounts (collectively, the "Mosquetero Accounts"):

      a. Account Number x0499

      b. Account Number x0328

      c. Account Number x0658

      d. Account Number x5795

      e. Account Number: x1036

      f. Account Number x6036

      g. Account Number x7233

      h. Account Number x9200

      i. Account Number x5574

      j. Account Number x3768

      k. Account Number x3000

      l. Account Number x5000

24.    The aggregate balances of the Mosquetero Accounts were greater than $10,000 on as of the FBAR filing date for years 2005, 2006, 2007, 2008, and 2009 and ranged from approximately $3.4 million to $4.8 million for each of the tax years at issue.

## VINCI'S FOREIGN ACCOUNTS IN ANTIGUA

25.    In 2004, Vinci opened accounts with Stanford International Bank in St. John's, Antigua (collectively "Stanford Accounts"). Those accounts included, at various times over the 2005 through 2009 period, the following:

      a. Account Number: x6579

      b. Account Number: x2364

      c. Account Number: x6028

26. In 2009, the Stanford International Bank collapsed and, on information and belief, Vinci lost the funds he deposited in the Stanford Accounts.

27. The aggregate balances of the Stanford Accounts were greater than $10,000 as of the FBAR filing dates (for the 2005 through 2007 years) and greater than $10,000 at the close of the year (for the 2008 and 2009 years).

28. The aggregate balances ranged from approximately $104,000 to approximately $304,000 for each of the years at issue.

### VINCI'S WILLFUL FAILURE TO REPORT HIS FOREIGN FINANCIAL ACCOUNTS

29. In 2005, 2006, 2007, 2008, and 2009, Vinci had an interest, signatory authority, or other authority over foreign accounts at Citi Venezuela, Citi Private Bank, and Stanford International Bank, the balances of which each exceeded $10,000.

30. Vinci did not file FBARs when they were due for any of the Citi Venezuela Accounts, the Mosquetero Accounts, or the Stanford Accounts in which he had an interest, signature authority, or other authority.

31. Vinci also failed to timely file income tax returns for the 2005 through 2009 tax years while living in Florida, despite earning taxable income from his investments and savings, including income from the accounts detailed above. He similarly did not disclose the existence of his foreign financial accounts on a Form 1040 Schedule B for the years at issue, as also required by law.

32. When Vinci applied to OVDP in 2011, Vinci disclosed that he had a financial interest in: (i) certain unnamed financial accounts in Switzerland managed by Citi Private Trust; (ii) the Stanford Accounts; and (iii) the Citi Venezuela Accounts.

33. According to Vinci's communications with the Service while he was in the OVDP, he incorporated Mosquetero, SP, placed its stock in a foreign trust located in Switzerland, and placed large investment accounts in Mosquetero's name in Switzerland to conceal his assets from the Venezuelan government. This was so despite the fact that Vinci did not live in Venezuela at the time he opened the accounts in the mid-1990's, or at the time he created the Trust in 2000.

34. Vinci also informed the Service that he opened domestic bank accounts in the name of Mosquetero with a Citi branch bank located in Miami, Florida, from which he could withdraw funds to pay his personal expenses. Vinci transferred funds from Mosquetero's Swiss accounts with Citi Private Bank to Mosquetero's domestic bank accounts with Citi for that purpose.

35. While in OVDP, Vinci filed a Form 5471 (Information Return for U.S. Persons with Respect to Certain Foreign Corporations) for Mosquetero, SP for each of the 2004, 2005, 2006, 2007, 2008, 2009, and 2010 tax years. These returns disclosed the total balances of Mosquetero's investment holdings, as well as the income and dividends Vinci received from each.

36. However, while still in OVDP, Vinci filed incomplete and inaccurate documents with the Service, including income tax returns and FBARs that did not disclose Mosquetero's Swiss holdings that were controlled by Citi Private Trust on his behalf, as he suggested he would. Indeed, Vinci did not file any FBARs for Mosquetero's accounts for the tax years at issue.

37. While in OVDP, Vinci did file untimely FBARs for the Stanford Accounts and the Citi Venezuela Accounts, and disclosed those accounts on Schedule B of his federal income tax return for each of the years at issue.

38. As early as 2013, Vinci began to claim before the Service that the Mosquetero Accounts were domestic accounts.

39. After Vinci asserted that the Mosquetero accounts were domestic accounts, the Service proposed to assess the FBAR penalties that are at issue in this case, and Vinci withdrew from OVDP.

40. All told, Vinci failed to disclose his interest in financial accounts with balances in the millions of dollars by filing timely FBARs, and then continued to fail to disclose his interests in the highest-balance accounts while participating in OVDP.

## REDUCE TO JUDGMENT FBAR PENALTY ASSESSMENTS

41. On August 20, 2017, a delegate of the Secretary of the Treasury made the following assessments of FBAR penalties against Pietro Vinci under 31 U.S.C. § 5321(a)(5) for his willful failure to report his interests in the Citi Venezuela Accounts, the Mosquetero Accounts, and the Stanford Accounts, for the years and in the amounts shown below:

| Year | FBAR Penalty (§5321) Assessment |
|---|---|
| 2005 | $484,478 |
| 2006 | $484,478 |
| 2007 | $484,478 |
| 2008 | $484,478 |
| 2009 | $484,479 |
| **Total** | $2,422,391 |

42. A delegate of the Secretary of the Treasury gave Vinci notice of the penalty assessments described above and demanded their payment.

43.     Despite the notice and demand for payment of the penalties listed in paragraph 41, above, Vinci has failed to pay the penalties assessed against him.

44.     Interest and penalties have accrued and will continue to accrue on the penalty assessments above pursuant to 31 U.S.C. § 3717.

45.     As of July 18, 2019, Vinci is indebted to the United States in the amount of $2,741,549.31 plus statutory interest accruing thereafter according to law.

WHEREFORE, the United States of America respectfully prays:

A.      That the Court enter judgment in favor of the United States and against Pietro Vinci in the amount of $2,741,549.31 for the total amount of the assessments made against him under 31 U.S.C. § 5321(a)(5), as set forth in paragraph 41, above, plus such additional amounts, including statutory interest, which have accrued as of July 18, 2019 and will continue to accrue as provided by law;

B.      That the Court award to the United States such other and further relief, including the costs of this action, as the Court deems just and proper.

Dated: August 23, 2019

                ROBERT K. HUR
                United States Attorney

                RICHARD E. ZUCKERMAN
                Principal Deputy Assistant Attorney General

                */s/ Ryan O. McMonagle*
                RYAN O. MCMONAGLE
                Trial Attorney, Tax Division
                U.S. Department of Justice
                P.O. Box 227
                Washington, D.C.  20044
                202-307-1355 (v)
                202-514-6866 (f)
                Ryan.McMonagle@usdoj.gov